UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MORIARTY,<br><br>                            Plaintiff,<br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                            Defendant. | Case No.: 17cv1154-LAB (AGS)<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND BRIEFING DATES;**<br><br>**ORDER CONTINUING HEARING ON MOTION FOR LEAVE TO AMEND; AND**<br><br>**ADMONITION TO COUNSEL** |

On February 15, the parties jointly moved to extend briefing dates on Plaintiff's motion for leave to amend, which is set for hearing on March 11. The parties represent that counsel for Correctional Physicians Medical Group would be out of the country on vacation beginning February 15, and counsel for Plaintiff is in Arizona with a critically ill family member. As a result, Defendant CPMG asks that its opposition deadline be continued from February 21 to March 4, and Plaintiff's reply deadline be continued to March 11. The parties represent that the requested extension will not affect any other briefing dates.

1

Under Civil Local Rule 7.1(e)(1), CPMG's opposition is currently due February 25, not February 21. Furthermore, a motion for an extension should be filed as early as possible, to give the Court (and, if applicable, other parties) time to act. Except in unusual and unavoidable circumstances, seeking an extension on the day one leaves on a pre-planned vacation is inadvisable.

Nevertheless, the Court finds good cause to extend the deadlines, the joint motion (Docket no. 72) is **GRANTED**. The hearing on the motion for leave to amend, currently set for March 11, 2019, is **CONTINUED** to **Monday, April 8, 2019 at 11:15 a.m.**, which is also the hearing date for Defendant Dr. Alfred Joshua's motion for partial summary judgment. This continuance does not affect any briefing deadlines, all of which remain unchanged (except as modified in this order). If the parties believe further extensions are appropriate, they should seek them by joint motion.

The parties apparently miscalculated the deadlines, mistakenly believing that CPMG's opposition was due February 21, creating a false sense of urgency. It has come to the Court's attention that a non-attorney called chambers asking whether the extension would be granted, when, and what CPMG should do. Even bearing in mind that the joint motion is an uncontested matter, these are improper questions, and furthermore any call should have been initiated by an attorney. *See* Standing Order in Civil Cases, ¶ 14. In addition, the parties failed to submit a proposed order as required under local rules. Parties' failure to comply burdens the Court, tends to cause delay, and creates a risk that the relief granted will not be what the parties intended to ask for. In future, the parties must comply with these requirements.

**IT IS SO ORDERED.**

Date: February 22, 2019

*Larry A. Burns*
Hon. Larry A. Burns
Chief United States District Judge