UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MORIARTY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　Defendant. | Case No.: 17cv1154-LAB (AGS)<br><br>**ORDER DENYING LEAVE TO SUPPLEMENT BRIEFING** |

Even after the motion for summary judgment (Docket no. 49) was full briefed and taken under submission on December 5, 2018, the parties have continued to brief this motion. On March 19, Defendant Dale Weidenthaler filed a notice of supplemental authority, bringing two new decisions to the Court's attention: *Horton v. City of Santa Maria*, 915 F.3d 592 (9th Cir. 2019); and *M.B. III* v. *California*, 2019 WL 598994 (E.D. Cal., Feb. 8, 2019). The notice also, however, included substantial arguments about the application of both decisions. Then on April 16, Plaintiff filed a substantial response to this notice. That same day, without leave, she also filed a substantial supplemental response in opposition to the motion for summary judgment, with both old and new evidence attached. The opposition says that on March 4, 2019 she took the deposition of Watch Commander McNeeley and discovered new evidence.

The discovery cutoff date, however, was February 20, and neither Magistrate Judge Schopler nor the undersigned judge gave her permission to take McNeeley's deposition late. Nor did anyone give her permission to file supplemental briefing based on the late discovery. Judge Schopler granted leave to take four additional depositions (over and above the usual limit), and to take them late—but all four were depositions of doctors, not McNeeley. (*See* Docket no. 83 (granting leave to take depositions of Dr. Joshua, Dr. mannis, Dr. Ra, and Dr. Badre by April 15, 2019, and denying the joint motion in all other respects).)

The parties have not requested, and the Court has not granted, relief from local rules limiting the number and type of briefs that may be filed. The parties have not requested leave to file supplemental briefing, nor has the Court granted it.

The Court construes these filings as requests to entertain additional arguments and to receive additional evidence. So construed, the motions are **DENIED**. The Court takes notice of the two decisions mentioned in the notice of supplemental authority; it would have considered all applicable law in any event, even in the absence of a notice. But the arguments included in the notice are not properly before the Court. *See Estate of Alvarado v. Tackett*, 2018 WL 1141502, at *1 (S.D. Cal., March 2, 2018) (treating substantial document styled as "Notice of Supplemental Authority" as an unauthorized sur-reply, which the Court has discretion to disregard). The Clerk is directed to strike docket numbers 86, 105, and 106 from the docket. **No more supplemental briefing is to be filed without leave.**

It has come to the Court's attention that counsel have been calling chambers seeking procedural legal advice about contested matters, attempting to inform staff about mistakes they think the Court has made, or raising other improper *ex parte* matters. They must stop

///

///

///

///

doing this, and are **ORDERED** to comply with Civil Local Rule 83.9 and the Court's own standing order, ¶ 14.

**IT IS SO ORDERED.**

Date: April 17, 2019

*Larry A. Burns*
Hon. Larry A. Burns
Chief United States District Judge