UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MORIARTY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendant. | Case No.: 17cv1154-LAB (AGS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE UNTIMELY MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant Dr. Lissaur was named as a Defendant in the first amended complaint, and filed his answer on May 2, 2018, and nothing of substance after that. The pretrial motion deadline has been extended several times, but it finally expired on February 25, 2019. Before the deadline passed, Plaintiffs filed a motion for leave to amend the first amended complaint ("FAC") to add four Defendants in place of Doe Defendants, and Defendants Dale Weidenthaler and Amanda Daniels both filed motions for summary judgment motions. On September 24, 2019, the Court ruled on all three remaining pending motions in a substantial combined order.

In November the parties began making their pretrial disclosures and Magistrate Judge Andrew Schopler held a settlement conference. The final pretrial conference was held January 17. A briefing and hearing schedule for motions in limine was set, and trial was set to commence four months from now, on July 14. At that conference, counsel for

1

Defendant Dr. Ralph Lissaur said they thought law of the case precluded Dr. Lissaur's liability, but the matter was not pursued further. The parties have since been working on pretrial matters and Magistrate Judge Andrew Schopler held another pretrial conference.

Lissaur's counsel called chambers for a hearing date for a motion for judgment on the pleadings. They were correctly told that the motion cutoff date had passed, and that no hearing date would be given unless they first obtained leave of the Court to file a late motion. They have now filed an *ex parte* motion arguing that they should be given leave to seek judgment on the pleadings now. The Motion does not cite any standard other than Fed. R. Civ. P. 1, and it argues that no party would be prejudiced by this late motion. The Court believes the correct standard is given in both Fed. R. Civ. P. 6(b)(1), which governs extensions of time for acts that may or must be done within a specified time, and in Fed. R. Civ. P. 16, which governs amendment of the scheduling order. Of course, Fed. R. Civ. P. 1 applies in all circumstances.

The Supreme Court discussed the application of Rule 6(b)(1) standard at length in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993). It pointed out there is a range of possible reasons why a party might fail to comply with a court-ordered filing deadline. *Id*. at 387. Lissaur's delay falls at the end of the spectrum where the movant has chosen to miss the deadline, and where good cause is not shown.

Because the motion cutoff date passed over a year ago, granting leave to file a dispositive motion now would also effectively amend the scheduling order, implicating Rule 16. Among other things, Rule 16 requires a showing of diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). One of the Court's own orders that the Motion itself cites discusses and applies the Rule 16 standard. (Docket no. 87 at 5:4–9:2.) Plaintiffs were found not to have been diligent in seeking leave to extend the scheduling order's deadline for amending the complaint, and were denied leave to amend. The same applies to Lissaur, except that he has been even less diligent. This alone requires denial of the Motion. *Id.*

/ / /

Defendants Dwyer, Escobar, Joshua, Mitchell, Preechar, Schroeder, and the County of San Diego filed motions shortly before Lissaur filed his answer. Both Daniels and Weidenthaler filed their motions later, but still on time. Lissaur has not pointed to anything suggesting that he could not have joined that motion or filed one of his own. In fact, his motion says he could have, but deliberately chose not to, believing that other Defendants' motions would effectively dispose of the claims against him. (Motion, ¶14.) But when those rulings were issued and Lissaur saw no claims against him had been dismissed, he took no action. Until today, the only step he took to have claims against him dismissed was to mention it at the pretrial conference.

In the meantime, the Court and the parties have been actively preparing for trial, and the revised pretrial order is due in just a few weeks. To entertain such a motion now would derail everyone's efforts, and would prejudice nearly every other party, even other Defendants. If Lissaur were successful in his efforts to obtain dismissal of claims against him, the pretrial order would need to be revised again, and trial delayed. But the Court's review of the Motion suggests he would be unsuccessful, and that accepting it now would impose delays, expenses, and burdens on everyone, even Lissaur himself, for no reason.

The *ex parte* Motion for leave to file a late motion is not warranted under Rule 1, Rule 6(b)(1) or Rule 16. The Motion is **DENIED**.

All counsel are reminded of Civil Local Rule 16.1(b)'s requirement that they proceed with diligence to take all steps necessary to bring this action to readiness for trial.

**IT IS SO ORDERED.**

Date: March 16, 2020

*Larry A. Burns*
Hon. Larry A. Burns
Chief United States District Judge