1  Joseph T. Kutyla, Esq.
Law Office of Joseph T. Kutyla
2  10620 Treena Street, #230
San Diego, CA 92131
3  jtklaw@outlook.com

4  Attorneys for Defendant Dale Weidenthaler

5

6

7            **IN THE UNITED STATES DISTRICT COURT**

8          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9

10  MICHELLE MORIARTY, an individual,  )    No. 17-cv-01154-LAB(AGS)
as Successor in Interest to the Estate of  )
11  HERON MORIARTY and as Guardian Ad )    **DEFENDANT  DALE**
Litem to ALEXANDRIA MORIARTY,  )    **WEIDENTHALER'S MOTION IN**
12  ELIJAH MORIARTY, and ETERNITY  )    **LIMINE #4 TO EXCLUDE EVIDENCE**
MORIARTY,  )    **OF DESTRUCTION OR ALTERATION**
13  )    **OF VDF RECORDS**
v.  )
14  )    (MOTION IN LIMINE 4 OF 5)
COUNTY OF SAN DIEGO, DR.  )
15  ALFRED JOSHUA, individually, and  )    DATE:  JUNE 12, 2020
DOES 1 through 10, Inclusive,  )
16  )    TIME:  9:00 A.M.
Defendants.  )
17  _____ )    HONORABLE LARRY BURNS

18

19

20

21

22       Defendant  DALE  WEIDENTHALER  hereby  submits  the  following  Motion  in

23  Limine to exclude any evidence of alteration or destruction of records maintained at VDF

24  concerning Heron Moriarty:

25

26

27

28

                                                    17cv1154-LAB(AGS)

# I

## NO EVIDENCE OF ALTERATION OF RECORDS.  SPECULATION THAT RECORDS MIGHT BE DESTROYED OR ALTERED INADMISSABLE SPECULATION

The text messages (Ex. 35 in the PTO) between defendant Nurse Practitioner Daniels and psychiatric liaison deputy Duane Johnson include an impermissible speculative inference that VDF records were "printed and saved" by Johnson to avoid alteration or destruction.  Daniel's asked Johnson to obtain a copy because she didn't "want someone getting rid of it." (Ex. A page 2.)

Daniels was asked about this exchange in her deposition and she has no knowledge of any such misconduct.

"Q.      And then you wrote, 'Do you have access to my note?

I put safety cell was discussed.  I don't want someone getting rid of it."

Why would you think that there would be a potential of someone

deleting your note referencing a safety cell?

A.      I just wanted to cover myself.

Q.      Had that been something you were aware of in the past

where in situations like this notes had been deleted?

A.      No.

Q.      Did you have a fear that somebody could delete your

note?

- 2 -

17cv1154-LAB(AGS)

A.      I wanted to be sure that I had access to my not so that I was covered.

Q.      Well, you wrote, 'I don't want someone getting rid of it.'  Did you have a fear that somebody could get rid of it?

A.      I don't know if that's possible or not."[1]

Clearly Ms. Daniels testimony could be the source of unwarranted mischief and conspiracy theories.  She admits to speculating about the possibility that records were, or could have been destroyed or altered.  Plaintiffs have never alleged that any records were altered or destroyed by anyone, including Sgt. Weidenthaler. This testimony is both irrelevant and speculative.

Wherefore, Defendant Dale Weidenthaler requests this court to grant this motion and exclude all evidence that records maintained at VDF were altered or destroyed.

DATED: May 8, 2020

By: s/ JOSEPH T. KUTYLA,
Attorney for Defendant DALE WEIDENTHALER
E-mail: jtklaw@outlook.com

[1] Ex. "B".  Deposition of Amanda Daniels, page 107 L. 12- pg. 108, L. 4.

- 3 -