Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Danielle R. Pena, Esq., SBN 286002
dpena@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Alexandria Moriarty, Elijah Moriarty, Michelle Moriarty, as Successor in Interest to Heron Moriarty and *Guardian Ad Litem* to Eternity Moriarty

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MORIARTY, an individual, as Successor in Interest to the ESTATE OF HERON MORIARTY and as GUARDIAN AD LITEM to ALEXANDRIA MORIARTY, ELIJAH MORIARTY, and ETERNITY MORIARTY,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, DR. ALFRED JOSHUA, individually, and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 3:17-cv-01154-TWR-AGS<br><br>**PLAINTIFFS' ADDITIONAL JURY INSTRUCTIONS** |

# PLAINTIFFS' JURY INSTRUCTION NO. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs in this matter are the Estate of Heron Moriarty, represented by his wife Michelle Moriarty. Michelle Moriarty, and their children Alexandria Moriarty, Elijah Moriarty, and Eternity Moriarty are also Plaintiffs.  Plaintiffs assert two claims in this matter.

1. In the first claim, The Estate of Heron Moriarty alleges that Defendant Daniels and CPMG were medically negligent to Heron Moriarty's medical needs by failing to take steps to abate Heron Moriarty's foreseeable risk of suicide.

2. In the second claim, Michelle Moriarty, Alexandria Moriarty, Elijah Moriarty, and Eternity Moriarty allege that Defendant Daniels and CPMG were negligent thereby causing Heron Moriarty's death.

The Plaintiffs have the burden of proving these claims by a preponderance of the evidence.

The Defendants deny those claims.

Authority: Manual of Model Civil Jury Instructions, Instruction No. 1.5 Updated September 2017.

## PLAINTIFFS' JURY INSTRUCTION NO. 2

## SURVIVAL DAMAGES

If you decide the Estate of Heron Moriarty has proved its claim against Defendants Daniels and CPMG, for the death of Heron Moriarty, you must also decide the amount of damages that Heron Moriarty sustained before death and that he would have been entitled to recover because of Defendant Daniels' conduct, including any punitive damages as explained in the other instructions that I will give you.

The Estate of Heron Moriarty may recover the following damages:

1. The amount of income or earnings that Heron Moriarty lost before death;

2. The reasonable cost of health care services that Heron Moriarty would have provided to Michelle Moriarty, Alexandria Moriarty, Elijah Moriarty, and Eternity Moriarty before his death;

3. Punitive damages, if applicable.

You may not award damages for any loss for Heron Moriarty's shortened life span attributable to his death.

See CACI No. 3903Q. (2020)

## PLAINTIFFS' JURY INSTRUCTION NO. 3

## GROSS NEGLIGENCE

Gross negligence is the lack of any care or an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to oneself or to others.

A person can be grossly negligent by acting or by failing to act.

See CACI No. 425. (2020)

# PLAINTIFFS' JURY INSTRUCTION NO. 4

# JAILER'S DUTY OF CARE

Correctional and medical staff owe detainees a duty to exercise reasonable care for the protection of their lives and health. This duty encompasses a duty to prevent self-inflicted harm that is reasonably foreseeable.

See *Giraldo v. Department of Corrections & Rehabilitation,* 168 Cal. App. 4th 231 (2008); citing *Wilson v. City of Kotzebue*, 627 P.2d 623 (Ak S. Crt. 1981); *Whooley v. Tamalpais Union High Sch. Dist*., 399 F. Supp. 3d 986, 1002 (Cal. 2019); *Gregoire v. City of Oak Harbor*, 244 P.3d 924 (Wash. 2010); *Joseph v. State*, 26 P.3d 459, 466 (S. Crt. Ak. 2001.)

# PLAINTIFFS' JURY INSTRUCTION NO. 5

## SUPERSEDING CAUSE

Plaintiffs' claim that Sergeant Weidenthaler is not responsible for Heron Moriarty's suicide because of the later misconduct of Defendant Daniels.  To avoid legal responsibility for the harm, Plaintiffs must prove all of the following:

1. That Defendant Daniels' conduct occurred after the conduct of Sergeant Weidenthaler;
2. That a reasonable person would consider Defendant Daniels' conduct a highly unusual or an extraordinary response to the situation;
3. That Sergeant Weidenthaler did not know and had no reason to expect that Defendant Daniels would act in a negligent manner; and
4. That the kind of harm resulting from Defendant Daniels' conduct was different from the kind of harm that could have been reasonably expected from Sergeant Weidenthaler's conduct

See CACI No. 432. (2020) (Modified)

## PLAINTIFFS' JURY INSTRUCTION NO. 6

The act of Heron Moriarty's killing himself cannot be considered in any comparative fault analysis.

Respectfully submitted,

MORRIS LAW FIRM, APC

Dated:  February 23, 2022

 s/ Danielle R. Pena
Danielle R. Pena, Esq.
dpena@morrislawfirmapc.com
Attorneys for Plaintiffs Michelle Moriarty, as Successor in Interest and *Guardian Ad Litem* to Alexandria, Elijah and Eternity Moriarty