1   Christopher S. Morris, Esq., SBN 163188
    cmorris@morrislawfirmapc.com
2   Danielle R. Pena, Esq., SBN 286002
    dpena@morrislawfirmapc.com
3   MORRIS LAW FIRM, APC
    501 West Broadway, Suite 1480
4   San Diego, CA 92101
    Telephone:  (619) 826-8060
5   Facsimile:  (619) 826-8065

6   Attorneys for Michelle Moriarty, as
    Successor in Interest and *Guardian Ad Litem*
7   to Alexandria, Elijah and Eternity Moriarty

8

9               IN THE UNITED STATES DISTRICT COURT

10          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11  MICHELLE MORIARTY, an individual,        Case No.: 3:17-cv-01154-TWR-AGS
    as Successor in Interest to the ESTATE
12  OF HERON MORIARTY and as                 **PLAINTIFFS' OBJECTIONS TO**
    GUARDIAN AD LITEM to                     **DEFENDANTS' VERDICT FORMS**
13  ALEXANDRIA MORIARTY, ELIJAH
    MORIARTY, and ETERNITY                   Magistrate:  Hon. Andrew G. Schopler
14  MORIARTY,                                Judge:       Hon. Todd W. Robinson

15       Plaintiffs,

16          v.

17  COUNTY OF SAN DIEGO, DR.
    ALFRED JOSHUA, individually, and
18  DOES 1 through 10, Inclusive,

19       Defendants.

20

21

22

23

24

25

26

27

28

                                    1
    OBJECTIONS TO VERDICT FORMS                   3:17-cv-01154-TWR-AGS

1    Pursuant to this Court's Jury Trial Preparation and Scheduling Order [Dkt.

2    359], Plaintiffs submit the following objections to Defendants' Verdict Forms.

3                                              **I.**

4    **PLAINTIFFS' VERDICT FORM IS STRAIGHTFORWARD AND CONCISE**

5    There are two verdict forms submitted to the Court, Plaintiffs' verdict form

6    and Defendants' verdict form.  Both are general verdict forms.  Plaintiffs' verdict

7    form is simple and concise.  It sets forth one question per claim asking the jury

8    whether it found Defendant(s) liable.  Defendants' verdict walks through the

9    elements of each claim, including damages.  Meaning, in order to find a party liable

10   on one claim, the juror must answer four to five questions affirmatively.  This setup

11   is meant to confuse and exhaust the jury.  As this Court is aware, the verdict form

12   must be accompanied by copious amounts of jury instructions explaining the law

13   for the jury to apply to each claim and defense.  Fed. R. Civ. Pro. 49(b).  With that

14   in mind, there is no legitimate purpose to mirror each element in the verdict form

15   when they are spelled out in extreme detail in the jury instructions.  In fact, the

16   more needless interrogatories set forth in the verdict form will only increase the

17   potential for an inconsistent verdict.

18   This identical issue occurred in *Redwood Christian Schs v. County of*

19   *Alameda*, 2007 U.S. Dist. LEXIS 53165, *7 (N.D. Cal. 2007), wherein the court

20   elected to use the plaintiff's simple and concise general verdict form.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

                                              2

**II.**

**SPECIFIC OBJECTIONS TO DEFENDANTS' VERDICT FORM**

    A.    *Ralph Lissaur Should Not be Included in the Verdict Form*

First and foremost, as this Court is aware, Judge Burns previously determined that Dr. Lissaur's conduct was superseded and intervened by Weidenthaler and Daniels' conduct. Thus he should not be included in the negligence section of Defendants' verdict form. Furthermore, inclusion of Dr. Lissaur in the verdict form creates confusion when proceeding to the following questions, as set forth on the top of page two of Defendants' proposed instructions.

Similarly, the only county actor that should be referenced in trial or on the verdict form as a potential joint wrongdoer is Sergeant Weidenthaler, as his conduct initially interfered with Defendant Daniels' safety cell placement, albeit for the wrong reasons. Moreover, the claims against Daniels also involve her failure to present an accurate clinical presentation of Moriarty and to advocate for his safe housing during the MDG meeting <u>after</u> Weidenthaler rejected her housing recommendation. In short, Defendant Daniels had the last and best opportunity to house Moriarty in a suicide-proof housing by advocating for his needs in the MDG meeting.

    B.    *Comparative Fault is Not a Viable Defense in this Case*

In their proposed verdict form, Plaintiffs include a section for comparative fault. However, "When a special relationship forms between jailor and inmate, sparking a duty for the jailor to protect the inmate from self-inflicted harm, the defenses of assumption of risk and contributory negligence are inappropriate. In a claim of negligence stemming from inmate suicide, giving these instructions necessarily results in prejudicial error." *Gregoire v. City of Oak Harbor*, 170 Wn.2d 628, 630 (S. Crt. Wash. 2010.)

Moreover, Plaintiffs contend a comparative fault instruction is irrelevant to the facts at issue because Mr. Moriarty acting on his suicidal ideations did not

3

1  contribute to Defendants' negligence.  "A plaintiff's negligent conduct can form the

2  basis of a comparative fault defense when it relates and contributes to the

3  defendant's negligence at issue.  *Gardner v. Oregon Health Sciences University*,

4  299 Or. App. 280, 290, 450 P.3d 558 (2019) (citing *Son v. Ashland Cmty.*

5  *Healthcase Servs.*, 239 Or. App. at 512 (Or. Crt. App. 2010).  Stated another way, a

6  plaintiff's negligence must be an element in the transaction on which the

7  defendant's negligence is based or affect the event for which recovery is sought.

8  *Mills v. Brown*, 303 Or. 223, 229, 735 P.2d 603 (1987) (quoting *Sandford v. Chev.*

9  *Div. Gen. Motors*, 292 Or. 590, 606, 642 P.2d 624 (1982)).  For example, in

10  medical malpractice cases, the focus is on the injury caused by the defendant's

11  negligence, not the plaintiff's original injury.  *Son* at 508-509.  In such cases, a

12  comparative fault defense requires that the "plaintiff's negligent conduct relate and

13  contribute to the negligent treatment, because it is the negligence treatment that

14  causes the injury that is at issue."  *Id*. at 509.  In a negligence action arising from

15  the decedent's suicide, facts constituting a viable comparative fault defense

16  included decedent providing incomplete or inaccurate information to the provider,

17  withholding information from the provider, and in other ways declining, refusing,

18  or failing to heed the provider's advice or treatment plan.  *Gardner*, 299 Or. App. at

19  291 (Or. 2019).  These facts are not present in this case.

20      To put plainly, whatever Moriarty did prior to or after Defendant Daniels'

21  alleged negligent conduct cannot be the basis of Moriarty's comparative negligence

22  as it relates to Defendant Daniels' negligence conduct. See *Harb v. City of*

23  *Bakersfield*, 233 Cal. App. 4th 606, 607 (5th App.) ("Where a plaintiff is seeking

24  damages only for the aggravation or enhancement of an injury or condition,

25  California will follow the majority view that a plaintiff's preaccident conduct

26  cannot constitute comparative negligence when that conduct merely triggers the

27  occasion for aid or medical attention.  As a result, defendants who render aid or

28  medical attention cannot reduce their liability for the harm resulting from their

4

OBJECTIONS TO VERDICT FORMS                3:17-cv-01154-TWR-AGS

1  tortious acts and omissions by attributing fault to the plaintiff for causing the injury

2  or condition in the first place.")

3      Notably, it is "A bright-line rule that giving an instruction on comparative

4  negligence where there is no evidence to support it is reversible error." *Id.*

5      C.      *Damages Sections*

6      Similar to the claim sections, the damages sections in Defendants' proposed

7  verdict form needlessly incorporates every element and an itemization of every

8  damage category.  While Plaintiffs contend their proposed verdict form is adequate,

9  Plaintiffs will continue to work with Defendants to achieve an agreeable damage

10  section of the verdict form.

11                              **III.**

12                          **CONCLUSION**

13      For the reasons set forth above, Plaintiffs general verdict form should be

14  offered to the jury as Defendants' proposed instructions are certain to invite error

15  and confusion.

16                              Respectfully submitted,

17                              MORRIS LAW FIRM, APC

18  Dated:  February 23, 2022       s/ Danielle R. Pena
                                     Danielle R. Pena, Esq.
19                                   Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

OBJECTIONS TO VERDICT FORMS                    3:17-cv-01154-TWR-AGS